IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAURICIO INTERIAN-CABRERA,

    Petitioner,

v.                                                                                                                      No. 1:26-cv-00473-KG-JFR

PAMELA BONDI, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Jose Giberto Interian-Cabrera's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. For the reasons below, petitioner's habeas petition is granted.

### I. Background

Mr. Interian-Cabrera, a citizen of Mexico, entered the United States in 1998 without inspection. Doc. 1 at 2. Over the past 27 years, "he has maintained employment, often working two jobs over six or seven days a week." *Id.* He has no criminal history. *Id.* at 12. At the time of his detention, "he resided in Oregon." *Id.* at 5.

Immigration and Customs Enforcement ("ICE") apprehended Mr. Interian-Cabrera in Oregon. *Id.* The Government has not provided him with a bond hearing, "abruptly arrested and detained Mr. Interian-Cabrera on November 3, 2025." *Id.* ICE has "kept Mr. Interian-Cabrera detained at the Cibola County Correctional Center." *Id.*

Mr. Interian-Cabrera submitted "a brief along with over forty (40) pages of evidence demonstrating hi slack of criminal history, strong work ethic, and strong ties to the U.S. that were established" in three decades here. *Id.* at 12. However, the presiding immigration judge determined that Mr. Interian-Cabrera was not eligible for bond because he is an "Applicant

1

seeking Admission." *Id.* at 7.  Mr. Interian-Cabrera argues his detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *Id.* at 2–3.  He seeks release, or, in the alternative, a bond hearing in front of a neutral adjudicator.  *Id.*

## II. Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III. Analysis

For the reasons below, the Court concludes that (A) 8 U.S.C. § 1226 governs Mr. Interian-Cabrera's detention, and (B) the appropriate remedy is a hearing at which the Government must demonstrate, by clear and convincing evidence, that continued detention is warranted.

### A.   *Section 1226 governs Mr. Interian-Cabrera's detention.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Id.*

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court concludes that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added). Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *Pu Sacvin*, 2025 WL 3187432, at *3. The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission." *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.). The Tenth Circuit has not yet addressed this question.

Under this framework, § 1226 governs Mr. Interian-Cabrera's detention. ICE arrested him approximately 27 years after his initial entry into the United States and apprehended him in Oregon, not at the border. Doc. 1 at 5. Accordingly, § 1225's mandatory detention provision does not apply because Mr. Interian-Cabrera effected an entry into the United States by living here for three decades. *Pu Sacvin*, 2025 WL 3187432, at *3. As the Government concedes, the facts of this case are "substantially similar" to those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where this Court granted relief. Doc. 6 at 2.

### B. *Mr. Interian-Cabrera's detention violates his right to due process.*

Because Mr. Interian-Cabrera is detained pursuant to 8 U.S.C. § 1226(a), the Court must determine what process is due. Mr. Interian-Cabrera seeks a bond hearing at which the Government bears "the burden of proving that Petitioner is not a flight risk or a danger to the community." Doc. 1 at 11. In determining what process is required, the Court considers (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens that additional procedures would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each *Mathews* factor supports a bond hearing where the burden is on the Government to justify detention. First, Mr. Interian-Cabrera's liberty interest is substantial. A noncitizen's "interest in liberty...is particularly strong" after months of detention without a meaningful bond hearing. *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1243 (D.N.M.) (finding a strong liberty interest where petitioner had been detained for less than three months). Here, Mr. Interian-Cabrera has been detained for four months and remains separated from his family. Doc. 1 at 5–6. Prolonged civil detention without an individualized determination of flight risk or dangerousness weighs heavily in the due process analysis. *Salazar*, 806 F. Supp. 3d at 1243.

Second, shifting the burden "likely will reduce the risk of the continuing erroneous deprivation of Petitioner's liberty interest." *Id.* Petitioner submitted over 40 pages of evidence to the immigration judge in support of bond, yet the immigration judge issued a summary order declining jurisdiction without making factual findings regarding flight risk or dangerousness. Doc. 1 at 12. Requiring Respondents to prove "by clear and convincing evidence that Petitioner is a flight risk and/or a danger to the community ameliorates" the risk that Petitioner will remain

detained "without meaningful consideration" of the relevant evidence. *See Salazar*, 806 F. Supp. 3d at 1243.

Third, the Government's interest does not outweigh these concerns. Where a petitioner has submitted materials "attempting to show that he is neither a flight risk nor dangerous...the Government has no interest in detaining Petitioner absent a showing by them" that detention is justified. *Id.* at 1244. The administrative burden of shifting the burden of proof is minimal, particularly given that "[t]he Government has vast resources at its disposal to gather information about Petitioner's eligibility for bond." *Id.*

## IV. Conclusion

The Court therefore grants Mr. Interian-Cabrera's petition, Doc. 1. The Court directs the Government to provide Mr. Interian-Cabrera with a bond hearing under § 1226(a) before an immigration judge within seven days of this Order. At that hearing, the Government must justify Mr. Interian-Cabrera's detention by clear and convincing evidence. If the Government fails to do so, it must release Mr. Interian-Cabrera. The Court also orders the Government to file a status report within ten days of this Order confirming that it has provided Mr. Interian-Cabrera with a bond hearing or released him.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.