IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE GILBERTO INTERIAN-CABRERA,

    Petitioner,

v.                                          No. 2:26-cv-00473-KG-JMR

GEORGE DEDOS, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Jose Gilberto Interian-Cabrera's Motion to Enforce Judgment, Doc. 9, and the Government's Response in Opposition, Doc. 10. Petitioner contends that the bond hearing held after the Court's prior order, Doc. 7, did not comply with the due process requirements set forth in that order. After reviewing the parties' submissions, the Court denies the motion to enforce.

### I.    *Background*

Petitioner, a citizen of Mexico, entered the United States in 1998 without inspection. Doc. 1 at 2. Over the past 27 years, "he has maintained employment, often working two jobs over six or seven days a week." *Id.* He has no criminal history. *Id.* at 12. At the time of his detention, "he resided in Oregon." *Id.* at 5. Immigration and Customs Enforcement ("ICE") apprehended him in Oregon on November 3, 2025. *Id.* He remains detained at the Cibola County Correctional Center in New Mexico. *Id.*

On March 4, 2026, the Court held that Petitioner's detention violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Doc. 7 at 2, 4. The Court ordered the Government to provide a bond hearing within seven days, at which it had the burden to justify his continued detention by clear and convincing evidence, or release him. *Id.* at 5.

1

An Immigration Judge ("IJ") presided over the hearing on March 6, 2026.  *See* Doc. 9-2 at 1. During the hearing, the IJ explicitly stated that this Court "shifted the burden to" the Department of Homeland Security ("DHS").  Doc. 9 at 4.  Petitioner moves to enforce the Court's prior order, arguing that the IJ failed to shift the burden to the Government.  *See generally* Doc. 9.

## II.     *Analysis*

The Court concludes that (A) it has jurisdiction to consider Petitioner's claim, and (B) the bond proceeding complied with this Court's prior order.

### A.     *The Court has jurisdiction to consider Petitioner's motion.*

Before reaching the merits, the Court must address the Government's argument that it lacks jurisdiction to consider Petitioner's claim.  *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (a federal court has an independent obligation to assure itself of subject matter jurisdiction).  Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of" 8 U.S.C. § 1226 is "not...subject to review," and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien."  But § 1226(e) does not eliminate "habeas jurisdiction over constitutional claims or questions of law."  *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *see also Miranda v. Garland*, 34 F.4th 338, 351 (4th Cir. 2022) (same).  Accordingly, §1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)."  *Miranda*, 34 F.4th at 352.  This framework also reflects a district court's authority to ensure compliance with its own habeas orders.  *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").

Under these principles, the Court has jurisdiction to determine whether the IJ complied with the due process requirements here.  Petitioner does not challenge the IJ's discretionary weighing of the evidence or the ultimate bond determination.  Rather, he raises a constitutional claim that the IJ failed to follow the due process requirements set forth by this Court when denying bond.

**B.    *The bond hearing comported with due process.***

Nonetheless, Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order.  Under ordinary circumstances, "the burden" at a § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted.  *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.).  In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government.  Doc. 7 at 4–5.  Nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework.  To the contrary, the IJ explicitly referred to this Court's order and acknowledged that DHS bore the burden of justifying detention.  *See* Doc. 9 at 4.  This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures are followed.  A review of the bond determination is for the BIA.

**III.    *Conclusion***

Petitioner's Motion to Enforce this Court's prior habeas order is denied.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.